An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMETRIOUS STEWART,
Appellant,
vs.
THE STATE OF NEVADA; NEVADA
DEPARTMENT OF CORRECTIONS;
ROBERT LEGRAND; KELLY ROAM;
AND JONATHAN BALL,
Respondents.

No. 65139

FILED

APR 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order dismissing a civil rights action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Having considered appellant's appeal statement and the record, we conclude that dismissal was proper. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court NRCP 12(b)(5) dismissal, and noting that dismissal will be affirmed when the complaint's factual allegations do not entitle a plaintiff to relief under the claims asserted). Here, recognizing the complaint's allegations as true, respondents' misconduct does not establish a violation of a constitutional right. *Id.* As to appellant's due process claim, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the . . . Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). If appellant was improperly deprived of his property, he had an adequate post-deprivation remedy available in the form of a civil action against the state. *See* NRS 41.031; NRS 41.0322. Thus, he could not state a due

15-11449

process claim. *See Hudson*, 468 U.S. at 533. Although appellant also asserted that his Fourth Amendment right to be free from an illegal seizure was violated, this allegation essentially restated his due process claim, and regardless, the Fourth Amendment does not apply within the confines of a prison cell. *Id.* at 528 & n.8. Thus, his illegal seizure claim fails for the same reason as his due process claim. *See id.* at 526, 533. To the extent that appellant asserted a state tort claim for negligence, the district court lacked jurisdiction to consider such a claim based on the facts alleged, as the value of the property at issue was well under $10,000. *See* NRS 4.370(1)(b) (justice courts have jurisdiction over actions for detaining or damaging personal property valued under $10,000); *see also* Nev. Const. art. 6, § 6(1) (district courts "have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts").

As appellant could not establish either a constitutional claim or a state tort claim within the district court's jurisdiction under the facts alleged in the complaint, dismissal was proper, *see Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. James Todd Russell, District Judge
       Demetrious Stewart
       Attorney General/Carson City
       Carson City Clerk